IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHRISTOPHER L. BARWICK,

      Petitioner,

      v.

TIMOTHY C. WARD,

      Respondent.

CIVIL ACTION NO.: 2:18-cv-132

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Barwick ("Barwick"), who is currently incarcerated at Jenkins Correctional Facility in Millen, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging his 2016 Appling County convictions. Doc. 1. Respondent filed a Motion to Dismiss, doc. 10, to which Barwick failed to respond, despite being directed to do so. Doc. 13. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's unopposed Motion to Dismiss, **DISMISS** Barwick's Petition as untimely, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Barwick *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

After entry of a guilty plea, Barwick was convicted on 3 counts of child molestation in the Appling County Superior Court on October 28, 2016 and was sentenced to 3 concurrent split 20-year sentences, 10 years to serve followed by 10 years' probation. Doc. 1 at 1, 2; Doc. 10-1 at 1. Barwick did not file a direct appeal.[1] Doc. 10-1 at 1. Barwick filed a motion to modify his

---

[1]    Barwick indicates he filed a direct appeal of his conviction. Doc. 1 at 2. The Court could not find record of this. Instead, it appears Barwick filed an appeal of the trial court's post-judgment denial of

sentence, but the trial court determined it lacked jurisdiction to consider the motion under

O.C.G.A. § 17-10-1(f).  Id.  Barwick filed an appeal of the decision, and the Georgia Court of

Appeals dismissed Barwick's appeal on March 8, 2018 based on Barwick's failure to raise a

colorable void-sentence claim.  Id.  Barwick did not file a state habeas corpus petition.  Id.; Doc.

1 at 6 (stating Barwick has no petitions or appeals pending in any court, state or federal).

## DISCUSSION

In his Petition, Barwick asserts he is entitled to a downward departure and that the trial

court should have issued a written order as to why it did not give him benefit of that downward

departure.  Id. at 7.  Barwick alleges his trial counsel provided ineffective assistance during the

plea negotiation process because his counsel told him the district attorney would not agree to any

sentence lower than what Barwick received.  But Barwick maintains he later learned he was

eligible for a "much lower sentence . . . ."  Id.  Barwick states his sentence is void because he

was sentenced to a much longer sentence than he should have been under Georgia law.  Id. at 8.

Barwick executed his Petition on October 22, 2018, doc. 1 at 9, and it was filed in this Court on

November 1, 2018.

Respondent contends Barwick's Appling County convictions became final 30 days after

entry of his guilty plea on October 28, 2016, or on November 28, 2016, because Barwick did not

file a notice of appeal.  Doc. 10-1 at 4.  Respondent asserts Barwick had one year, or until

November 28, 2017, to file a federal habeas petition or a properly-filed state filing to toll the

statute of limitations period.  Respondent alleges Barwick's October 22, 2018 § 2254 Petition

was untimely filed and subject to dismissal.  Id. at 5.  Alternatively, Respondent maintains

---

Barwick's motion to modify.  Id. (noting his appeal was dismissed because he did not raise a colorable
void-sentence claim);
https://www.gaappeals.us/docket/results_one_record.php?docr_case_num=A18A1226No. A18A1226,
search for "Barwick, Christopher," last accessed Oct. 25, 2019.

Barwick's Petition should be dismissed because he did not exhaust his available state remedies.

Id. at 7, 10.

## I.      Barwick's Petition is Untimely

A petitioner seeking to file a federal habeas petition has one year within which to file his

petition.  28 U.S.C. § 2244(d)(1).  The statute of limitations period shall run from the latest of

four possible dates:

> (A)      the date on which the judgment of conviction becomes final by the
> conclusion of direct review or the expiration of time for seeking such
> review;

> (B)      the date on which the impediment to filing an application by State action
> in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;

> (C)      the date on which the constitutional right asserted was initially recognized
> by the Supreme Court, if that right has been newly recognized by the
> Supreme Court and made retroactively applicable to cases on collateral
> review; or

> (D)      the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

Id.

Barwick's conviction became final at the time of his completion of the direct review

process or when the time for seeking such review expired.  28 U.S.C. § 2244(d)(1)(A).  Barwick

was convicted on October 28, 2016, and he was sentenced to three split terms on the same date.

Doc. 1 at 1; Doc. 10-1 at 4.  Barwick had 30 days to file a notice of appeal.  O.C.G.A. § 5-6-

38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or

judgment complained of[.]").  Barwick did not file an appeal, and thus, his conviction was final

on November 28, 2016.[2]  Because Barwick's conviction became final on November 28, 2016, he

---

[2]      Barwick's conviction became final on November 27, 2016, which was a Sunday.  Thus, this
period advanced to the next business day.  Fed. R. Civ. P. 6(a)(1)(C) (In computing time expressed in

3

had one year from that date in which to file a timely federal habeas petition.  28 U.S.C.

§ 2244(d)(1).  A petitioner should be mindful that "once a deadline has expired, there is nothing

left to toll.  A state court filing after the federal habeas deadline does not revive" the statute of

limitations period applicable to § 2254 petitions.  Sibley v. Culliver, 377 F.3d 1196, 1204 (11th

Cir. 2004.

As noted above, Barwick's conviction became final on November 28, 2016.  He had one

year from that date, or until November 28, 2017, to file a 28 U.S.C. § 2254 petition for writ of

habeas corpus or a properly filed application for state post-conviction or other collateral review.

Barwick executed his federal habeas corpus petition on October 22, 2018, nearly two years after

his conviction became final.  By that time, the statute of limitations period applicable to § 2254

petitions had elapsed.  On its face, Barwick's Petition was filed untimely.  However, it must now

be determined whether the applicable statute of limitations period was tolled.

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending."  28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849

(11th Cir. 2008).  "[A]n application is pending as long as the ordinary state collateral review

process is in continuance—i.e., until the completion of that process.  In other words, until the

application has achieved final resolution through the State's post-conviction procedures, by

definition it remains pending."  Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations

omitted).

---

days, the last day of that time period is included.  If the last day is a Saturday, Sunday, or legal holiday,
the time period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal
holiday.").

The Court notes Barwick filed a motion to modify his sentence with the Appling County Superior Court on November 1, 2017.  Doc. 1 at 3; Doc. 10-1 at 5.  Under O.C.G.A. § 17-10-1(f), Barwick was to file his motion to modify "[w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed."  O.C.G.A. § 17-10-1(f).  In order to have been timely filed under Georgia law, Barwick had to file this motion within one year of the imposition of his sentence since he did not file a direct appeal.  Id.  Barwick was sentenced on October 28, 2016 and should have filed his motion to modify on or before October 30, 2017.[3] The trial court found his November 1, 2017 filing was not timely and that it lacked jurisdiction to consider the challenge to Barwick's sentence.  Thus, Barwick's filing with the trial court cannot be said to be "properly filed" within the meaning of § 2244(d) or Georgia law to allow for the tolling of the applicable statute of limitations.  See Jones v. Warden, 683 F. App'x 799, 800 (11th Cir. 2017) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000), for the proposition that state law governs a filing to determine whether a state court filing has been "properly filed")).[4]

Even if Barwick's § 17-10-1(f) motion had been timely filed with the Appling County trial court, his § 2254 Petition would still be untimely filed.  Barwick's conviction became final

---

[3]      Barwick's deadline fell on October 28, 2017, which was a Saturday.

[4]      https://www.gaappeals.us/docket/results_one_record.php?docr_case_num=A18A1226No. A18A1226, search for "Barwick, Christopher," last accessed Oct. 25, 2019, (Mar. 8, 2018).  The Georgia Court of Appeals stated Barwick had the right to a direct appeal from the order denying his motion to modify if he raised a colorable claim that his sentence is void.  Id.  The Georgia appellate court found Barwick had not raised a colorable void-sentence claim and dismissed his appeal for lack of jurisdiction. Id.

on November 28, 2016, and by the time he filed his motion to modify on November 1, 2017, 338

days of the applicable one-year statute of limitations had expired.  The Georgia Court of Appeals

dismissed Barwick's appeal by order dated March 8, 2018.  Doc. 10-1 at 6.  Barwick then had 10

days from March 8, 2018 to either move for reconsideration of this order or to file a notice of

intent to apply for certiorari with the Georgia Supreme Court, or until March 19, 2018.[5]  Ga. Ct.

App. R. 38; Ga. Supr. Ct. R. 38.  Barwick filed neither of these pleadings and did not file his

§ 2254 Petition until October 22, 2018.  From the time he could have filed either of these

pleadings expired to the time Barwick filed his § 2254 Petition, 217 days passed.  Adding these

days to the 338 days that had already elapsed equals 555 days.  Barwick's October 22, 2018

Petition was untimely filed by 190 days (555 days minus 365 days in a year).

 Because Barwick has not shown he is entitled to statutory tolling, the Court must

determine whether the applicable statute of limitations period was equitably tolled.  A petitioner

seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that

some extraordinary circumstance stood in his way" which prevented him from timely filing his

§ 2254 petition.  Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace, 544 U.S. at 418).

Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner

must present a "truly extreme case."  Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008),

*overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010).  "'The burden of

establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'"  Id.

(quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

 Barwick does not present any basis for equitable tolling of the statute of limitations.

Barwick offers nothing to show that he had been pursuing his rights—diligently or otherwise—

---

[5] March 18, 2018 was a Sunday.

from the time of the finality of his conviction until the filing of the instant § 2254 Petition and

that some extraordinary circumstance prevented him from filing a timely § 2254 Petition.  "The

burden of proving circumstances that justify the application of the equitable tolling doctrine rests

squarely on the petitioner." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir.

2014).  As he has failed to meet this burden, Barwick is not entitled to equitable tolling.

For all these reasons, the Court should **GRANT** Respondent's unopposed Motion to

Dismiss and **DISMISS** Barwick's Petition as untimely filed.[6]

## II.     **Leave to Appeal** *in Forma Pauperis* **and Certificate of Appealability**

The Court should also deny Barwick leave to appeal *in forma pauperis* and deny him a

Certificate of Appealability.  Though Barwick has not yet filed a notice of appeal, it would be

appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the

Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of

appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also

Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma

pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is

not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this

context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687,

691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a

frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim

or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

---

[6]     The Court need not address Respondent's alternative ground for dismissal—that Barwick did not
exhaust his state remedies prior to filing his § 2254 Petition.  Doc. 10-1 at 7–10.

Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not

brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka,

314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009

WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order

in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of

Appealability may issue only if the applicant makes a substantial showing of a denial of a

constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of

the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell,

537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must

show "that jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct

to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petitioner should be allowed to proceed further."

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196,

1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual

or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Respondent's Motion and Barwick's Petition and

applying the Certificate of Appealability standards set forth above, there are no discernable

issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a

Certificate of Appealability.  Furthermore, as there are no non-frivolous issues to raise on appeal,

an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** Barwick *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's unopposed Motion to Dismiss, **DISMISS** as untimely Barwick's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Barwick leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon the parties.

   **SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of October,

2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA